UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON BABNER, | |
| Plaintiff, | CIVIL ACTION NO. 3:20-cv-02465 |
| v. | (SAPORITO, M.J.) |
| CUMBERLAND COUNTY, et al., | |
| Defendants. | |

MEMORANDUM

The material facts of this case are largely undisputed. The core dispute of this case lies in the legal implications of those facts.

On December 14, 2018, the plaintiff, Aaron Babner, was admitted into Cumberland County Correctional Facility ("CCCF") as a pretrial detainee. Prior to entering into custody, he had been taking two prescription medications—Tegretol (800mg twice daily) and gabapentin (800mg daily). For more than two weeks, while he remained in custody, he did not receive these medications.

At a December 31, 2018, physical examination by a nurse, defendant Michelle Young, RN, Babner advised the nurse that an intake form completed on December 14, 2018, which stated that he was taking no prescription medications, was incorrect. He informed Young of his

Tegretol and gabapentin prescriptions.

On January 2, 2019, Young contacted Babner's outside pharmacy to confirm the prescriptions and requested authorization from a psychiatric nurse practitioner, defendant Sandra Abbey, CRNP. In her email request to Abbey, Young indicated that Babner was a "new intake," which Abbey understood to mean that he had been taking these medications until very recently. Based on this, Abbey approved a continuation of Tegretol at the pre-incarceration level (800mg twice daily) and a down-titration of gabapentin (starting at 600mg daily and decreasing over time).

But an interruption in Tegretol therapy requires a patient to resume at a lower dosage, gradually titrating up to the prior therapeutic level. Too much Tegretol causes "Tegretol toxicity," which can result in disorientation, significant impairment to balance and coordination, or seizures. At the time Babner's prescriptions were resumed, they had been discontinued for 19 days. That length of interruption would normally require starting over with a much lower dosage;[1] an initial dosage of 1,600mg daily was excessive.

---

[1] Although not addressed in the parties' statements of fact, the record includes hospital reports indicating that Babner was eventually restarted at a dosage of 200mg twice daily.

At approximately 2:30 a.m. on January 5, 2019, Babner fell from his upper-bunk bed and sustained a head injury. He was sent to the emergency department of a local hospital for treatment. The hospital later reported back to CCCF medical staff that blood testing revealed a significantly elevated Tegretol level.

Based on these facts, Babner asserts: (1) a § 1983 claim for deliberate indifference to serious medical needs against Young and Abbey; (2) a § 1983 claim for derivative liability against their corporate employer, PrimeCare Medical, Inc. ("PrimeCare");[2] and (3) state-law medical negligence claims against all three defendants. The defendants have moved for summary judgment.

The Supreme Court has set forth standards for violations of the Eighth Amendment based on medical conditions of confinement. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This same standard applies to pretrial detainees through the Due Process Clause. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

To establish a substantive due process claim for improper medical

---

[2] *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978) (§ 1983 municipal liability); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–85 (3d Cir. 2003) (extending *Monell* to corporations).

care, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This standard is two-pronged. It requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious." *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978).

The parties do not dispute the existence of a serious medical need in this case. Their dispute centers on the deliberate indifference prong and whether Young and Abbey acted with deliberate indifference in providing the medical treatment to Babner that exposed him to substantial risk of harm and led to his serious injuries. "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients. *See Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). As the Third Circuit has recognized, "mere allegations of malpractice do not raise issues of

constitutional import." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). "[M]ere negligent misdiagnosis or treatment is not actionable because medical malpractice is not a constitutional violation." *Mori v. Allegheny Cnty.*, 51 F. Supp. 3d 558, 567 (W.D. Pa. 2014). Courts "have found deliberate indifference to a prisoner's serious medical needs only where a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment for a non-medical reason, or prevents a prisoner from receiving needed medical treatment." *Lopez v. Corr. Med. Servs., Inc.*, 499 Fed. App'x 142, 146 (3d Cir. 2012).

Based on the evidence of record, viewed in the light most favorable to the non-moving plaintiff, we find that, while perhaps negligent, no reasonable jury could conclude that the conduct of defendants Young or Abbey rose to the level of deliberate indifference. Thus, these individual

defendants are entitled to judgment as a matter of law on the plaintiff's § 1983 deliberate indifference claims against them.

In the absence of an underlying constitutional violation, PrimeCare is likewise entitled to judgment as a matter of law on the plaintiff's § 1983 *Monell* derivative liability claim against it. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

Where a district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7. Upon consideration of these factors and the record before us, we find

nothing to distinguish this from the usual case. Therefore, the remaining state-law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, the defendants' motion for summary judgment will be granted. The clerk will be directed to enter judgment in favor of the defendants on the plaintiff's § 1983 civil rights claims, and the plaintiff's state-law tort claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

An appropriate order follows.

Dated: September 26, 2023         *s/Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge